G. V. GRACE & Co., INC., and HARRY A. MARGOLIS, as Trustee in Bankruptcy of Said G. V. GRACE & Co., INC., Respondents, *v.* UNDERWRITERS TRUST COMPANY, Appellant, Impleaded with HOWARD H. HUBBARD and Others, Copartners Doing Business under the Firm Name and Style of ALLEN & Co., Defendants.

First Department, February 7, 1941.

*William L. Hanaway* of counsel [*Ernest Brooks, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys], for the appellant.

*Louis F. Huttenlocher*, for the respondents.

PER CURIAM. Defendant-appellant under the agreements between the parties clearly had the right to sell the stock in the circumstances. If, as contended by the plaintiffs, a demand for payment was necessary, compliance with this requirement was evidenced by defendant's letter of November 9, 1937, to plaintiff.

Plaintiffs claimed that in addition to the " checking " and so-called " clearance " account, there was a third account known as " securities long account." By practical construction, however, they are precluded from asserting this claim. It clearly appears that on various occasions both by voluntary and forced sales, plaintiffs recognized the right of defendant-appellant under the agreements to sell out the so-called " securities long account " as part of the " clearance account." Moreover, defendant's oral and written demand upon plaintiffs for payment of the " clearance loan " would have been meaningless if these separate accounts existed and if, as plaintiffs claim, there was no debit balance, but in fact a credit balance of $2,500 in plaintiffs' favor on the " clearance loan."

With respect to the alleged waiver by defendant's representative Hubbard, as claimed by the plaintiffs, it would not under the circumstances of the case be binding upon defendant.

Upon the whole record we are of opinion that there was nothing to show that the defendant in making the sale of the stock did not act in good faith and with reasonable regard to plaintiffs' rights in attempting to secure a fair price.

Upon all the evidence, therefore, plaintiffs were not entitled to recovery since there was no evidence to justify a finding of conversion, the gravamen of the two causes of action pleaded in the complaint.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and the motion to set aside the verdict of the jury in plaintiffs' favor granted and the complaint dismissed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Judgment unanimously reversed, with costs, and motion to set aside the verdict of the jury in plaintiffs' favor granted and the complaint dismissed, with costs.